UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY LENELL ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> VERDE ENERGY USA, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:17-cv-00768 <br><br> DEMAND FOR JURY TRIAL |

### COMPLAINT

NOW comes GREGORY LENELL ROBINSON ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of VERDE ENERGY USA, INC. ("Defendant"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") under 815 ILCS 505/1 for Defendant's unlawful practices.

#### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a 45-year-old natural person residing at 4941 South Vincennes Avenue, Unit 1, Chicago, Illinois.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is an independent energy supplier which offers consumers renewable energy at competitive rates. With its headquarters located at 101 Merritt 7, 2nd Floor, Norwalk, Connecticut, Defendant is a Delaware corporation that regularly conducts business with consumers in Illinois.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all time relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

9. On November 30, 2016, Plaintiff's phone number was added to the Federal Do-Not-Call Registry.

10. In late 2016, Plaintiff began receiving calls from Defendant to his cellular phone, (312) XXX-5121. *See* attached Exhibit A for a true and correct copy of an affidavit signed by Plaintiff.

11. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 5121. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. The phone number that Defendant most often uses to contact Plaintiff is (773) 661-3312. *See* Exhibit A.

13. Upon information and belief, the above phone number ending in 3312 is regularly utilized by Defendant to make outgoing calls to consumers it is soliciting for business.

14. Prior to receiving its phone calls, Plaintiff was not aware of what Defendant was or why it would be calling him. *Id.*

15. After speaking with Defendant, Plaintiff discovered that it was trying to solicit him to use it for energy services. *Id.*

16. Plaintiff is unaware as to how Defendant got his information, as he was never interested in obtaining energy services. *Id.*

17. When Plaintiff answers calls from Defendant, he experiences a brief pause before a live person begins to speak. *Id.*

18. Upon speaking with one of Defendant's representatives, Plaintiff informed it that he was not interested in its services and demanded that it stop calling him. *Id.*

19. Despite his demands, Defendant has continued to regularly call Plaintiff's cellular phone up until the present day. *Id.*

20. Defendant has also called Plaintiff's cellular phone multiple times in the same day. *Id.*

21. Plaintiff has received not less than 13 phone calls from Defendant since asking it to stop calling. *Id.*

22. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

23. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $38.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss. *Id.*

24. Plaintiff has suffered financial loss as a result of Defendant's actions.

25. Plaintiff has been unfairly harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls are indicative of an ATDS.

30. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by his demands to cease contact.

31. The calls placed by Defendant to Plaintiff were regarding solicitation and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, GREGORY LENELL ROBINSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

35. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

36. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

37. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he requested that it no longer do so. Plaintiff notified Defendant on multiple occasions that he was not interested in its services and to stop calling him. Defendant ignored Plaintiff's numerous requests, and unfairly continued to systematically contact him at least 13 times after he made his request. Following its characteristic behavior in placing voluminous solicitation phone calls to consumers, the calls here were placed with the hope that Plaintiff would succumb to its harassing behavior and purchase Defendant's energy services.

38. Defendant has also placed multiple calls to Plaintiff's cellular phone in the same day, even after being told to cease calling. Placing multiple calls in a short amount of time is extremely harassing behavior that amounts to unfair practice, especially after being told by Plaintiff that he does not wish to be contacted.

39. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

40. The ICFA further states:

6

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper." 815 ILCS 505/10a.

41. As pled in paragraphs 21 through 26, Plaintiff has suffered actual damages as a result of Defendant's unlawful solicitation practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a. An award of punitive damages is appropriate because Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Plaintiff had not used Defendant's energy services in the past, but yet, he was still bombarded with solicitation phone calls even after notifying it multiple times that he was not interested in its services and to stop calling him. Despite these numerous demands, Defendant continued to violate the law by engaging in a phone call campaign against Plaintiff. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, GREGORY LENELL ROBINSON, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: January 30, 2017　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　s/ Nathan C. Volheim

                Nathan C. Volheim, Esq. #6302103
                Counsel for Plaintiff
                Admitted in the Northern District of Illinois
                Sulaiman Law Group, Ltd.
                900 Jorie Boulevard, Suite 150
                Oak Brook, Illinois 60523
                (630) 575-8181 x113 (phone)
                (630) 575-8188 (fax)
                nvolheim@sulaimanlaw.com

Case: 1:17-cv-00768 Document #: 1 Filed: 01/30/17 Page 8 of 8 PageID #:8